UNITED STATES DISTRICT COURT   KC **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 0 9 2007
MAR 9, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AYSA AMARIN;                        )
                                    )
          Plaintiff,                )   No.
                                    )
          vs.                       )   07CV1354
                                        JUDGE KENDALL
CITY OF CHICAGO,                        MAGISTRATE JUDGE KEYS
A Municipal Corporation; and
Chicago Police Officer              )
JOSEPH P. KESSEL, Star 6403;        )   Jury Demand
                                    )
          Defendants.               )

## COMPLAINT

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.     Plaintiff is a citizen of the United States, and a resident of the City of Chicago.

5.     Defendant police officer KESSEL is a duly appointed and sworn City of Chicago police officers. At all times relevant to this Complaint, Defendant-Officer KESSEL was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6.     Defendant-Officer KESSEL is sued in his individual capacity.

7.     The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

-1-

**Facts**

8.      On or about September 3, 2006, at about 10:00 pm, at or near 7033 North Kedzie, Plaintiff was driving his car to meet some friends. In Plaintiff's car were some other friends.

9.      When Plaintiff pulled up in a park to meet his friends, he observed Chicago police officers, including Defendant-Officer KESSEL.

10.     When Plaintiff observed the police officers, he removed a small roach of marijuana from the ashtray and put it in his mouth to eat it.

11.     In the meantime, Defendant-Officer KESSEL had already approached Plaintiff, and then ordered Plaintiff to open his mouth.

12.     Defendant-Officer KESSEL then grabbed Plaintiff with force by his throat, and hit Plaintiff with his flashlight. KESSEL was choking Plaintiff for several seconds, during which time Plaintiff could not breathe.

13.     After he was hit, Plaintiff immediately dropped to the ground and his nose started to bleed. The hit caused Plaintiff severe pain.

14.     Defendant-Officer KESSEL then lifted Plaintiff up, threw him against the car, and handcuffed him.

15.     KESSEL then asked Plaintiff, "You fucking pussy, you never had your nose broken?"

16.     Plaintiff told KESSEL that the hit was unnecessary.

17.     KESSEL replied, "I'll show you a real fucking beating behind those bushes."

18.     KESSEL then asked Plaintiff if he wanted to go behind the bushes.

19.     Plaintiff said no.

20.     KESSEL said he was going to let Plaintiff go, but then said he couldn't because Plaintiff would go "cry to mommy."

21.     Defendant-Officers KESSEL also searched Plaintiffs car. Liquor was found in the trunk, but it was not open.

22.     KESSEL did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's car.

23.     Plaintiff was later taken by the police to the hospital.

24.     For the injuries caused from KESSEL's hit, Plaintiff received five stitches and was also diagnosed with a broken nose. Weeks later, Plaintiff had surgery on his nose.

25.     Defendant-Officer KESSEL acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

26.     As a direct and proximate result of the acts of Defendant-Officer KESSEL described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and monetary losses including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

27.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28.     The actions of Defendant-Officer KESSEL in arresting Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officer;

b)      Award Plaintiff compensatory and punitive damages, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

29.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

30.     Defendant-Officer KESSEL grabbed Plaintiff by the throat, choked him, hit him in the nose/face with a flashlight, and then picked him up and threw him against the car.

31.     The actions of Defendant-Officer KESSEL violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officer;

b)      Award Plaintiff compensatory and punitive damages, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

-3-

d)      Award such other and additional relief that this Honorable Court deems just and
equitable.

## COUNT III
### (42 U.S.C. § 1983 – Illegal Search of Vehicle)

32.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

33.     The actions of Defendant-Officer KESSEL in searching Plaintiff's vehicle without
any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by
the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officer;

b)      Award Plaintiff compensatory and punitive damages, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and
equitable.

## COUNT IV
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

34.     Plaintiff realleges all of the above paragraphs and counts, as if fully set forth
herein.

35.     At all times material to this Complaint, there existed in the city of Chicago the
following practices, policies and customs:

a.      stopping, detaining, arresting, and searching persons without a warrant,
probable cause, reasonable suspicion, consent, or any other legal basis;

b.      searching person's vehicles without a warrant, probable cause, reasonable
suspicion, consent, or any other legal basis;

c.      arbitrary use of excessive force against suspects, arrestees, detainees and
other civilians;

d.      denial of substantive due process, abuse of legal process, malicious
prosecution, and filing of false charges against innocent persons;

e.      mental abuse, oral abuse and assault of arrestees, detainees, and other
civilians;

f.    preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures;

g.    filing false charges and pursuing baseless prosecutions in order to protect police officer from claims of improper conduct and avoid liability;

h.    a *code of silence* in which police officer fail to report police misconduct;

i.    said *code of silence* also includes police officer either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers;

j.    failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above;

k.    failure to adequately investigate citizen complaints against police officer;

l.    failure to adequately discipline police officer for misconduct;

m.    through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is disciplined in an extremely low number of cases, thereby encouraging even more police misconduct;

36.    The actions of the Defendant-Officer as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

37.    One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the CITY OF CHICAGO has delegated *de jure* final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Phil Cline (to whom the CITY OF CHICAGO has delegated *de facto* final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

38.    The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the CITY OF CHICAGO.

39.     The municipal policy-makers of the CITY OF CHICAGO acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

40.     By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against the CITY OF CHICAGO;

b)      Award Plaintiff compensatory damages, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicous Prosecution)

41.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

42.     Defendant-Officer KESSEL brought charges against Plaintiff for aggravated assault, criminal trespass, and illegal possession of alcohol.

43.     There was not probable cause for such charges.

44.     The charges were dismissed.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officer;

b)      Award Plaintiff compensatory and punitive damages, as determined at trial;

c)      Award Plaintiff costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Intentional Infliction of Emotional Distress)

45.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

46.     Defendant-Officer KESSEL's conduct was extreme and outrageous.

47.     Defendant-Officer KESSEL intended to inflict severe emotional distress, or knew

that there was a high probability that his conduct would inflict severe emotional distress.

48.     Defendant-Officer KESSEL's conduct caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officer;

b)      Award Plaintiff compensatory and punitive damages, as determined at trial;

c)      Award Plaintiff costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law *Respondeat Superior* Claim)

49.     The acts of Defendant-Officer KESSEL described in the supplementary state claims specified above, were willful and wanton, and committed in the scope of his employment.

50.     As principal, the Defendant CITY OF CHICAGO is liable for its agents' actions under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51.     Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

52.     The acts of Defendant-Officer KESSEL described in the above claims were willful and wanton, and committed in the scope of his employment.

53.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from Defendant-Officer KESSEL's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify Defendant-Officer KESSEL for any judgment entered in this case arising from his actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595
Attorney No. 6231003